THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMELIA J. SANGER,

Plaintiff,

v.

SUTTER HEALTH, et al.,

Defendants.

Case No. 2:25-cv-03631-DC-CSK

ORDER GRANTING MODIFIED STIPULATED PROTECTIVE ORDER

(ECF No. 60)

The Court has reviewed the parties' stipulated protective order below (ECF No. 60), and finds it comports with the relevant authorities and the Court's Local Rule. *See* L.R. 141.1. The Court APPROVES the protective order, subject to the following clarification.

The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, 2012 WL 13237584, at *2 (E.D. Cal. Oct. 29, 2012) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case is closed.

Dated: August 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, sang.3631.25

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

James L. Arrasmith, Esq., SBN 332498
Nanjin Ren, Esq. SBN 363940
The Law Offices of James L. Arrasmith
5150 Sunrise Boulevard, Suite G-1
Fair Oaks, CA 95628
Telephone: (916) 974-9835
E-mail: wolves@jlegal.org

Attorney for *Plaintiff, AMELIA SANGER*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**

**AMELIA J. SANGER,**
**Plaintiff,**

**vs.**

**SUTTER HEALTH, a California nonprofit public benefit corporation; SUTTER CENTER FOR PSYCHIATRY, a healthcare facility; DR. FAISAL AHMED, M.D., an individual; CINDY PHUN, LCSW, an individual; DANIEL DEASON, R.N., an individual; DANIEL AHLERS, M.D., an individual; and DOES 1–50, inclusive,**

**Defendants.**

**Case No.: 2:25-cv-03631-DC-CSK**

**STIPULATED PROTECTIVE ORDER AND ~~[PROPOSED]~~ MODIFIED ORDER**

Judge: Hon. Dena M. Coggins
Magistrate Judge: Hon. Chi Soo Kim

Action Filed: December 17, 2025

**STIPULATED PROTECTIVE ORDER**

Plaintiff Amelia J. Sanger ("Plaintiff") and the appearing Defendants in this action (collectively with Plaintiff, the "Parties," and each a "Party"), by and through their respective counsel of record, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c) and Eastern District of California Local Rules 141.1 and 143. The Parties acknowledge that this Order

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

**GOOD CAUSE STATEMENT**

This action arises out of Plaintiff's involuntary psychiatric detention and certification at Sutter Center for Psychiatry in June and July 2023 under the Lanterman-Petris-Short Act, Welfare and Institutions Code section 5000 et seq., and the diagnostic, treatment, reporting, and records consequences that followed. Discovery in this action will necessarily require the Parties to disclose, exchange, and reference categories of information that are among the most sensitive and legally protected in civil litigation, including, without limitation: (a) psychiatric and mental-health records, diagnoses, and clinical impressions; (b) suicide- and self-harm-risk assessments, screening instruments (including Columbia-Suicide Severity Rating Scale entries), and safety-planning records; (c) records of involuntary detention and certification under Welfare and Institutions Code sections 5150 and 5250 and related certification, advisement, advocate, hearing, and waiver materials; (d) treatment, medication-management, and progress records; (e) substance-use disorder records; (f) firearms-prohibition and Department of Justice reporting records under Welfare and Institutions Code section 8103; (g) federal and military medical-eligibility records, including Federal Aviation Administration and United States military or MEPS medical-qualification records; (h) health-insurer claims, billing, and utilization-review files; (i) records relating to administrative or licensing proceedings, including Medical Board of California complaint materials; and (j) personal identifiers and other private information of the Parties and of non-parties, including other patients whose information may appear in the same records.

Such information is presumptively protectable under, among other authorities, the Health Insurance Portability and Accountability Act and its implementing regulations; the

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

California Confidentiality of Medical Information Act, Civil Code section 56 et seq.; the confidentiality provisions governing LPS records, Welfare and Institutions Code section 5328; the federal confidentiality protections for substance-use disorder records, 42 U.S.C. section 290dd-2 and 42 C.F.R. Part 2; and the right of privacy guaranteed by Article I, section 1 of the California Constitution. Public disclosure of this material would inflict the very stigmatic, reputational, professional, and dignitary harms that are at the heart of this lawsuit and would compromise the privacy interests of non-parties. The Parties therefore agree, and respectfully submit that good cause exists under Federal Rule of Civil Procedure 26(c), for entry of this Order to protect such material from disclosure or use beyond what is necessary to prosecute, defend, or settle this action.

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, private, or otherwise protected information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or settling this litigation may be warranted. The Parties acknowledge that this Order does not entitle them to file confidential information under seal; Eastern District of California Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. DEFINITIONS

**2.1 Action.** This pending federal lawsuit, *Amelia J. Sanger v. Sutter Health, et al.*, Case No. 2:25-cv-03631-DC-CSK, in the United States District Court for the Eastern District of California.

**2.2 Challenging Party.** A Party or Non-Party that challenges the designation of information or items under this Order.

**2.3 "CONFIDENTIAL" Information or Items.** Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

Rule of Civil Procedure 26(c) and that the Designating Party reasonably and in good faith believes constitutes or contains non-public personal, medical, psychiatric, financial, or private information, including without limitation the categories identified in the Good Cause Statement above.

**2.4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** The subset of Protected Material that the Designating Party reasonably and in good faith believes to be so sensitive that its disclosure beyond the persons identified in Paragraph 7.3 is likely to cause particularized harm, including without limitation: (a) the private health information of non-parties (such as other patients) appearing within produced records; (b) suicide- or self-harm-risk content and detailed psychiatric or psychotherapy-note content; (c) firearms-prohibition and Department of Justice / firearms-reporting records under Welfare and Institutions Code section 8103; and (d) substance-use disorder records subject to 42 C.F.R. Part 2. Nothing in this Order limits a Party's use of, or access to, that Party's own information, documents, or records, regardless of designation.

**2.5 Counsel.** Outside Counsel of Record and House Counsel (as well as their support staff).

**2.6 Designating Party.** A Party or Non-Party that designates information or items it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**2.7 Disclosure or Discovery Material.** All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

**2.8 Expert.** A person with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

competitor of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

**2.9 Outside Counsel of Record.** Attorneys who are not employees of a Party but are retained to represent or advise a Party in this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes their support staff.

**2.10 Party.** Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staff).

**2.11 Producing Party.** A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.12 Professional Vendors.** Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.13 Protected Material.** Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**2.14 Receiving Party.** A Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

**5.1 Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**5.2 Manner and Timing of Designations.** Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced, during which inspection all documents shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY";

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." A Party or Non-Party may also invoke its right to so designate by notifying the reporter and all Parties in writing within twenty-one (21) days after the transcript is available. Until the expiration of that period, all deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; and

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate legend.

**5.3 Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1 Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**6.2 Meet and Confer.** The Challenging Party shall initiate the dispute resolution process under Local Rule 251 and the Magistrate Judge's procedures by first conferring directly with counsel for the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

**6.3 The Burden of Persuasion.** The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1 Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2 Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the named Parties, including Plaintiff Amelia J. Sanger;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court, court personnel, and court reporters and their staff;

(f) Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided that the witness signs the "Acknowledgment and Agreement to Be Bound" before being shown any Protected Material, and pages of transcribed deposition testimony or exhibits to depositions

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court, court personnel, and court reporters and their staff;

(d) Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(f) the author or recipient of the document, or the individual who is the subject of the information (including Plaintiff with respect to her own information), or a custodian or other person who otherwise possessed or knew the information.

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

For the avoidance of doubt, and consistent with Paragraph 2.4, no provision of this Order shall be construed to restrict Plaintiff's access to, or use of, her own health, mental-health, treatment, billing, reporting, or licensing information, regardless of designation.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must so notify the Designating Party, in writing, promptly and in no event more than ten (10) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order, and must deliver a copy of this Order promptly to that party. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this Action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Protected Material shall not be published, released, posted, disseminated, or disclosed to any news media, member of the press, website, social-media account, or other public forum, except as permitted by the filing provisions of Section 12 of this Order.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product-protected documents, electronically stored information, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Nothing in this Order shall be construed to require any Party to disclose or produce privileged information or records.

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

**12. FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. The Parties expressly acknowledge and agree that this Order does not, by itself, authorize the filing of any document under seal. As provided in Eastern District of California Local Rule 141, documents may be sealed only by written order of the Court upon a showing of the requisite "good cause" or "compelling reasons," as applicable under controlling Ninth Circuit authority, and a specific "Request to Seal Documents" must be made in conformity with Local Rule 141 even where this Order or another rule or statute would otherwise require or permit sealing. A protective order covering the discovery phase of this litigation shall not govern the filing of sealed or redacted documents on the public docket. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141 (sealing) and, where applicable, Local Rule 140 (redaction). Where a Party intends to file material that another Party or Non-Party has designated as Protected Material, the filing Party shall provide the Designating Party with sufficient advance notice to permit the Designating Party to seek a sealing or redaction order, which the Designating Party must pursue as the proponent of sealing. Personal data identifiers shall be redacted in accordance with Federal Rule of Civil Procedure 5.2 and Local Rule 140.

**13. MISCELLANEOUS**

**13.1 Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**13.2 Right to Assert Other Objections.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

any right to object on any ground to use in evidence of any of the material covered by this Order.

**13.3 Modification by the Court.** This Order is subject to further orders of the Court as may be appropriate under the Federal Rules of Civil Procedure and the Local Rules of this District.

**13.4 Closed Actions.** Once the Clerk has closed this Action, unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of this Order.

## 14. FINAL DISPOSITION

Within sixty (60) days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, at the option of the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, subject to the continuing obligations of this Order.

///

///

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: August 18, 2026
**THE LAW OFFICES OF JAMES L. ARRASMITH**

By: ____/s/ Nanjin Ren___
Nanjin Ren, Esq. (SBN 363940)
Attorneys for Plaintiff AMELIA J. SANGER

Dated: August 7, 2026

**POLLARA LAW GROUP**
By: /s/ Jason S. Barnas
Attorneys for Defendant DANIEL AHLERS, M.D.

Dominique A. Pollara / Jason S. Barnas / Alexis Miller

Dated: August 18, 2026

**HASSARD BONNINGTON LLP**

By: ____/s/ Stephanie X. Cruz
Attorneys for Defendants SUTTER HEALTH, SUTTER CENTER FOR PSYCHIATRY, and DANIEL DEASON, R.N.

Stephanie X. Cruz / Corinna E. Meissner

Dated: August 14, 2026

**SCHUERING & DOYLE LLP**
By: ____/s/ Ian A. Scharg
Attorneys for Defendant FAISAL AHMED, M.D.
Ian A. Scharg

**ATTESTATION (Local Rule 131(e)):** Pursuant to Local Rule 131(e), I, Nanjin Ren, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 974-9835 | EMAIL: wolves@jlegal.org

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ________________________________, of ________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____________ [date] in the action captioned *Amelia J. Sanger v. Sutter Health, et al.*, Case No. 2:25-cv-03631-DC-CSK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action. I hereby appoint ________________________________ [print or type full name] of ________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____________________

City and State where sworn and signed:

______________________________

Printed name: ______________________________

Signature: ______________________________

James L. Arrasmith, Esq., SBN 332498
Nanjin Ren, Esq. SBN 363940